IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JASON JEROME SPRINGER,

    Petitioner,

    v.

LINDA GETER,

    Respondent.

CIVIL ACTION NO.: 2:20-cv-70

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jason Springer ("Springer") filed a 28 U.S.C. § 2241 Petition. Doc. 1. For the following reasons, I **RECOMMEND** the Court **DISMISS** Springer's original Petition. I **GRANT** Springer's Motion to Supplement. Doc. 3. Should the Court adopt my recommendation and dismiss Springer's claims relating to the imposition of his conviction and sentence, the Court should also direct Respondent to file any desired response to the claims Springer sets forth in his Motion to Supplement.

## BACKGROUND

Springer was convicted of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), after entry of a guilty plea. J., United States v. Springer, 8:16-cr-541 (M.D. Fla. Oct. 5, 2017), ECF No. 102. He was sentenced to 27 months' imprisonment, to be followed by 36 months' supervised release.[1] Id. Springer filed a

---

[1] Springer has a 2010 felony conviction in Tennessee for possession with intent to sell/deliver marijuana. Compl., United States v. Springer, 8:16-cr-541 (M.D. Fla. Nov. 21, 2016), ECF No. 1. Springer was sentenced to 27 months' imprisonment on October 5, 2017. J., United States v. Springer, 8:16-cr-541 (M.D. Fla. Oct. 5, 2017), ECF No. 102. Springer is still incarcerated as of the date of this Report, and his release date is set for February 23, 2021. https://www.bop.gov/inmateloc/, search for Number 67926-018, "Springer, Jason" (last visited Jan. 6, 2021). Although his 27-month sentence would

motion to reduce his sentence, and the Middle District of Florida court denied his motion.  Mot. & Order, United States v. Springer, 8:16-cr-541 (M.D. Fla. June 28 & July 25, 2019), ECF Nos. 108, 109.

Just six days after Springer filed his § 2241 Petition in this Court, he filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his conviction with the Middle District of Florida. Mot., Springer v. United States, 8:20-cv-1508 (M.D. Fla. July 1, 2020), ECF No. 1.  Springer asserted his guilty plea was constitutionally invalid under the United States Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), because he was not informed the government had to prove he belonged to the category of people barred from possessing a firearm and that his decision to plead guilty was infringed upon, in violation of his rights to have a trial and due process.  Id. at 4. The Middle District of Florida court determined Springer's § 2255 motion was untimely under § 2255(f) and he was not entitled to the tolling of the one-year statute of limitations period.  Order, Springer v. United States, (M.D. Fla. July 14, 2020), ECF No. 4. Alternatively, the Florida court noted, even if Springer's motion were not untimely, his Rehaif claim failed because the Supreme Court did not announce a new rule of constitutional law that was retroactively applicable to cases on collateral review.  Id.  Springer filed an appeal of this denial with the Eleventh Circuit Court of Appeals on July 30, 2020.  Not., Springer v. United

---

likely have run by this point, while Springer was in custody awaiting trial in case number 8:16-cr-541, he threatened to kill the district judge assigned to his case, professed to be a follower of ISIS, and asked his wife to dissuade two witnesses from testifying at his trial and was criminally prosecuted.  Order, Springer v. United States, 8:19-cv-1843 (M.D. Fla. Apr. 20, 2020), ECF No. 26, pp. 1–2.  He was prosecuted separately for those offenses, convicted by a jury on two of the counts in that prosecution, and was sentenced to 33 months imprisonment to be served consecutive to the 27-month sentence in case number 8:16-cr-541.  The Court focuses its Report only on Springer's conviction obtained in case number 8:16-cr-541, as that is the conviction he challenges in his original § 2241 Petition. Additionally, the Court's review of the Bureau of Prisons' website indicates Springer has been transferred to another institution, yet he has not informed the Court of any change in address in writing, as required.  Local R. 11.1.  Thus, the Court **ORDERS** Springer to notify the Court of any change in address, in writing, within 14 days of this Order.  Springer's failure to do so will result in the recommended dismissal of this cause of action in its entirety based on Springer's failure to follow a Court Order.

States, Case No. 20-12853 (11th Cir. July 30, 2020). The Eleventh Circuit denied Springer's motion for certificate of appealability. Id. (Nov. 5, 2020).

## DISCUSSION

In his Petition, which was filed on June 25, 2020, Springer freely admits he is challenging the validity of his conviction or sentence arising in the Middle District of Florida in case number 8:16-cr-541. Doc. 1 at 1–2. Springer states the trial court erred by accepting his guilty plea without informing him of the government's requirement to prove the additional Rehaif element. Id. at 2. He claims the remedy § 2255 affords is inadequate or ineffective to challenge his conviction or sentence because the Supreme Court's decision in Rehaif "has just become available" to him and his § 2255 "is time barred." Id. at 5. Springer challenges his conviction and sentence based on his contentions he was forced to plead guilty and he did not know he was a prohibited user of a firearm at the time he possessed a firearm at a gun range. Id. at 6–7. In addition, in his Request to Supplement, Springer contends he was assigned an incorrect public safety factor. Doc. 3.

**I.     Whether Springer can Proceed Under § 2241 on his Original Petition**

Springer's original Petition should be dismissed because it is an attack on his federal conviction that can only be made in compliance with § 2255, and Springer has not satisfied the requirements of § 2255. Springer's attempt to label his filing as a § 2241 petition does not help. His original Petition is a barred and should be dismissed.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to

3

collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction.  28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013).  To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under § 2255 is "inadequate or ineffective."  Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under § 2255 was inadequate or ineffective to test the legality of his detention).  A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence.  Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . .  A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

> Section 2255(e) provides:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by  motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added).  The above-emphasized portion of § 2255(e) is referred to as the "saving clause."  "Section 2255(e) makes clear that a motion to vacate is the exclusive

4

mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241. To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner in entitled to relief under § 2255 is not relevant to the McCarthan test. Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." Id. at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Springer does not present any of those circumstances through his instant Petition.[2] Springer is clearly challenging his conviction and seeks to be resentenced to time served. Doc. 1 at 8. This is the type of claim and requested relief that § 2255 encompasses. It is clear Springer is not attacking the manner in which his sentence is being executed but his conviction itself. He would have

---

[2]  Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts. McCarthan, 851 F.3d at 1092–93. However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255 court got it wrong. Id. at 1086, 1090.

5

been permitted to bring this type of claim in a motion to vacate, and § 2255 provided Springer with an adequate procedure to test his claim.  In fact, Springer filed a § 2255 in the Middle District of Florida based on the very arguments he raises in his § 2241 Petition, and the trial court denied Springer's motion as time-barred and being without merit because Rehaif is not retroactively applicable to cases on collateral review.³  Order, Springer v. United States, (M.D. Fla. July 14, 2020), ECF No. 4.

Further, Springer's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief.  See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy.").  Thus, the fact that Springer faces a bar against a second or successive § 2255 motion or a statute of limitations bar to bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective.  Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011).  Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion."  Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provided Springer an "adequate procedure" to test his conviction and sentence before the sentencing court.  In fact, Springer used the § 2255 mechanism in the District of his conviction—he just was not successful.  Consequently, Springer cannot show § 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving

---

³ In Rehaif, the Supreme Court held the government must prove the defendant knew he possessed a firearm and he knew he had the relevant status of a restricted person when he possessed the firearm in order to secure a conviction under 18 U.S.C. §§ 922(g) or 924(a).  139 S. Ct. at 2194.  This decision did not announce a new rule of constitutional law made retroactively applicable to cases on collateral review. In re Palacios, 931 F.3d 1314 (11th Cir. 2019).

6

clause to make [his] claim in a petition for a writ of habeas corpus." McCarthan, 851 F.3d at 1099–1100. Because Springer cannot satisfy the saving clause, his claim is procedurally barred, and the Court cannot reach the merits of his arguments in his original Petition.

## II.     Claims Raised in Motion to Supplement

In his Motion to Supplement, Springer states he was assigned a public safety factor of "threat to the government[.]" Id. at 2. Springer asks the Bureau of Prisons to amend its "inaccurate records[.]" Id. at 1. Upon review, the Court **GRANTS** Springer's Motion. Fed. R. Civ. P.15(d). If the Court adopts my recommendation as to Springer's claims under McCarthan, the Court should direct Respondent to file a response to Springer's supplement.

### CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Springer's original Petition. I **GRANT** Springer's Motion to Supplement. Should the Court adopt my recommendation and dismiss Springer's claims relating to the imposition of his conviction and sentence, the Court should also direct Respondent to file any desired response to the claims Springer sets forth in his Motion to Supplement.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

7

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of January, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA